UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COMPASS CONSTRUCTION, THE DAIMLER GROUP, INC. and TERiX COMPUTER SERVICE, INC. | : : : : | Case No. 2:12-cv-00186 |
| Plaintiffs, | : : | Judge |
| v. | : : | Magistrate |
| INDIANA/KENTUCY/OHIO REGIONAL COUNCIL OF CARPENTERS OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 200; MARK MOEN, individually and as a representative of the Regional Council; DOUG REFFIT, individually and as a representative of the Regional Council; WESLEY OSTERHOUT, individually and as a representative of the Regional Council; and DOES 1-50 | : : : : : : : : : : : : : : : : : | **COMPLAINT**<br><br>**(Section 303 claim to recover damages for illegal secondary boycott activities and threats to force and coerce assignment of particular work and claims of defamation)**<br><br>**Jury Trial Requested** |
| Defendants. | : : | |

Plaintiff Compass Construction ("Compass"), plaintiff The Daimler Group, Inc. ("Daimler"), and plaintiff TERiX Computer Service, Inc. ("Terix, Inc.") (collectively "plaintiffs"), for their Complaint against defendant Indiana/Kentucky/Ohio Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("Regional Council"), defendant the United Brotherhood of Carpenters and Joiners of America, Local 200 ("Local 200"), defendant Mark Moen ("Moen"), defendant Doug Reffit ("Reffit"), defendant

Wesley Osterhout ("Osterhout") and defendant Does 1-50 (collectively "defendants"), state as follows:

## JURISDICTION AND VENUE

1. This is an action under Section 303 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 187, to recover damages for unlawful secondary boycott activities in violation of 29 U.S.C. § 158(b)(4)(A) and (B) and to recover damages for illegal conduct of threatening and coercing an employer to assign particular work to employees of a particular labor organization (Regional Council or one of its affiliated Carpenters Locals) rather than to employees in another labor organization or in another trade, craft, or class in violation of 29 U.S.C. § 158(b)(4)(D) and to recover damages for other conduct engaged in by defendants and costs of suit.

2. Jurisdiction is conferred on the court by the provisions of Section 303 of the LMRA, 29 U.S.C. § 187(b) and 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the claims of defamation because those claims are so related to plaintiffs' other claims that they form a part of the same case of controversy.

4. Venue is proper in the federal judicial District of the Southern District of Ohio, Eastern Division as provided by 28 U.S.C. § 1391(b) because all activities which are the subject of the complaint were and are being committed in this judicial district.

5. Plaintiff Compass is a Ohio construction company with the majority of its work focused on framing, insulating, drywall and ceilings for commercial construction projects.  Its principal place of business is located at 7670 Fishel Drive South, Dublin, Ohio 43016.

6. Compass, in the conduct of its business operations is, and at all times herein mentioned was, engaged in the construction industry, and, in connection therewith was engaged in interstate commerce. Accordingly, Compass is engaged in commerce and its activities affect commerce within the meaning of Sections 2(2), (6) and (7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 152(2), (6) and (7).

7. Plaintiff Daimler is a Ohio real estate development and construction management company. Its principal place of business is located at 1533 Lake Shore Drive, Columbus, Ohio 43204.

8. Daimler, in the conduct of its business operations is, and at all times herein mentioned was, engaged in the construction industry, and, in connection therewith was engaged in interstate commerce. Accordingly, Daimler is engaged in commerce and its activities affect commerce within the meaning of Sections 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§ 152(2), (6) and (7).

9. Plaintiff Terix, Inc. is a California based corporation with its corporate office located at 388 Oakmead Parkway Sunnyvale, CA 94085-5407. Terix, Inc. is a privately held engineering company that provides hardware and software maintenance service offerings to more than 1,000 customers worldwide. Terix, Inc. leases a suite within an office building located at 5450 Frantz Road, Dublin, Ohio 43017. The office building is owned by Preserve Building I-A, LLC.

10. Upon information and belief, defendant Regional Council is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and is engaged in this judicial district in representing employees and acting with or for various local unions for the purpose of collective bargaining in industries affecting interstate commerce, including the

construction industry. The Regional Council is headquartered at 771 Greenwood Springs Drive, Greenwood, Indiana 46143. The Columbus, Ohio office is located at 1394 Courtright Road, Columbus, Ohio 43227.

11. Upon information and belief, defendant Local 200 is a labor organization within the meaning of Section 2(5) of the NLRA, 29 U.S.C. § 152(5), and is engaged in this judicial district in representing employees for the purpose of collective bargaining in industries affecting interstate commerce, including the construction industry. Local 200 is headquartered at 1545 Alum Creek Drive, Columbus, Ohio 43209.

12. Defendant Moen is an agent, representative and employee of the Regional Council. Plaintiffs are informed and believe and therefore allege that Moen is a resident of the state of Ohio.

13. Defendant Reffit is an agent, representative and employee of the Regional Council. Plaintiffs are informed and believe and therefore allege that Reffit is a resident of the state of Ohio.

14. Defendant Osterhout is an agent, representative and employee of the Regional Council. Plaintiffs are informed and believe and therefore allege that Osterhout is a resident of the state of Ohio.

15. Upon information and belief, Does 1-50 are agents, representatives and employees of the Regional Council and/or Local 200. Plaintiffs will seek leave of court to name additional individual defendants when those individuals are identified.

16. Upon information and belief, defendants at times have coordinated and cooperated in carrying out many of the unlawful activities giving rise to plaintiffs' claims against defendants.

17. On or about April 2, 2011 Daimler entered into a contract with Bridgeway Partners LLC ("Bridgeway"), an Ohio LLC, to construct the interior tenant improvements and café within a building being constructed at 4151 Bridgeway Avenue, Columbus, Ohio 43219, in which Net Jets Aviation ("Net Jets") agreed to lease from Bridgeway pursuant to a lease agreement dated December 12, 2010.

18. As a result of its contract with Bridgeway, Daimler entered into a contract with Compass on or about July 8, 2011 to install all metal studs and interior framing, install and finish all drywall and install and finish all acoustic ceilings at the Bridgeway Avenue project.

19. On or about February 7, 2012 Moen, on behalf of the Regional Council, sent a letter to the CEO of Net Jets Aviation. See, Exhibit 1 attached hereto.

20. In his February 7, 2012 letter, Moen notes that Daimler often uses subcontractors, including Compass, who fail to follow the Regional Council's area standard wages and benefits and, as such, the Regional Council has a labor dispute with certain subcontractors, including Compass.

21. Moen warns the CEO of Net Jets that because Daimler chooses to use subcontractors (Compass) who do not follow the area standard wages and benefits, Daimler's clients (presumably Net Jets) also become involved in the labor dispute.

22. Moen then asks the CEO of Net Jets not use Daimler so long as their subcontractors do not meet area labor standards and to not allow any non-area standard contractors to perform any work on any of Net Jets' projects.

23. Moen ends the letter as follows:

If you agree to comply with the request we have made in this letter, or if our information about a non-area standard contractor being involved with any of your projects is incorrect, please call the undersigned immediately at **888-389-2828**.

5

Doing so will provide the greatest protection against your firm becoming publicly involved in this dispute through misunderstanding or error.

24. The Bridgeway Avenue project was a prevailing wage job, meaning that Compass paid its employees performing work on the project the locally prevailing rate of wages as determined by the Director of the Ohio Department of Commerce (DOC).

25. Net Jets did not directly engage Daimler to construct the building or the interior improvements. Net Jets has no contractual business relationship with Daimler or Compass.

26. On or about August 18, 2011 Daimler entered into a contract with OhioHealth to oversee the work being performed on the Riverside Methodist Hospital located at 3435 Olentangy River Road, Columbus, Ohio 43214 ("Riverside project").

27. As a result of its contract with OhioHealth, Daimler entered into a contract with Compass on or about September 13, 2012 to construct walls and renovate an interior area of the Hospital.

28. Upon information and belief, the Regional Council and/or Local 200 engaged in bannering and handbilling at the Riverside Project.

29. The banner read "**SHAME ON OhioHealth**" in large bold print. The phrase "**Labor Dispute**" was written in smaller letters on either side of the banner. See, Exhibit 2 attached hereto.

30. The Handbill reads "**SHAME ON OhioHealth FOR DESECRATION OF THE AMERICAN WAY OF LIFE**." Underneath this phrase is a picture which depicts a rat eating an American flag. See, Exhibit 3 attached hereto.

31. The Handbill further states:

A rat is a contractor that does not pay all of its employees area standard wages, including either providing or making payments for health care and pension benefits.

6

> Shame on **OhioHealth** for contributing to erosion of area standards for carpenter craft workers.  **Compass Construction** is performing work for general contractor Daimler Group on the Imaging Center project located at **3435 Olentangy River Road.  Compass Construction** does not meet area labor standards for all their carpenter craft workers, including fully paying for family health benefits and pension.
>
> Carpenters Local 200 believes that **OhioHealth** has an obligation to the community to see that area labor standards are met for construction work at all their projects, including future work.  They should not be allowed to insulate themselves behind "independent" contractors.  For this reason, Local 200 has a labor dispute with all the companies identified here.

32. The Handbill implored the general public to contact OhioHealth's CEO to "change the situation."

33. On or about February 10, 2012, the Regional Council and/or Local 200 was engaged in bannering and handbilling at the Riverside project.  No Compass representatives were on the jobsite that particular day.  See, Exhibit 4 attached hereto.

34. On or about November 30, 2011 Daimler entered into an agreement with I-A Preserve Building LLC to oversee the work being performed within a suite of the office building located at 5450 Frantz Road, Dublin, Ohio 43017 ("Frantz Road project").

35. As a result of its agreement with I-A Preserve Building LLC, Daimler entered into a contract with Compass on or about November 30, 2011 to install and relocate metal stud walls, install and finish drywall and install and finish acoustic ceilings at the Frantz Road project.

36. Upon information and belief, the Regional Council and/or Local 200 has engaged in, and continues to engage in bannering and handbilling at the Frantz Road project.

37. The banner reads "**SHAME ON TERIX COMPUTER**" in large bold print.  The phrase "**Labor Dispute**" is written in smaller letters on either side of the banner.  See, Exhibits 5, 6 and 7 attached hereto.

7

38. The Handbill reads "**SHAME ON Terix Computer FOR DESECRATION OF THE AMERICAN WAY OF LIFE**." Underneath this phrase is a picture which depicts a rat eating an American flag. See, Exhibit 8 attached hereto.

39. The Handbill further states:

A rat is a contractor that does not pay all of its employees area standard wages, including either providing or making payments for health care and pension benefits.

Shame on **Terix Computer** for contributing to erosion of area standards for carpenter craft workers. **Compass Construction** is performing work for general contractor Daimler Group on the Terix Computer project located at **5450 Frantz Rd., Dublin, OH 43016. Compass** does not meet area labor standards for all their carpenter craft workers, including fully paying for family health benefits and pension.

Carpenters Local 200 believes that **Terix Computer** has an obligation to the community to see that area labor standards are met for construction work at all their projects, including future work. They should not be allowed to insulate themselves behind "independent" contractors. For this reason, Local 200 has a labor dispute with all the companies identified here.

40. The Handbill implored the general public to contact Terix Computer's CEO to "change the situation."

41. Terix, Inc. did not directly engage Daimler to perform the interior improvements/construction to the suite. Terix, Inc. has no contractual business relationship with Daimler or Compass.

42. On or about February 16, 2012, Mason Law Firm Co., L.P.A ("Mason Law Firm") sent a letter to the Regional Council informing them that "innocent third parties who have no business relationship with Compass were named in informational picket signs and banners as having hired Compass to perform work for them. See, Exhibit 9 attached hereto.

43. Mason Law Firm further instructed the Regional Council it was engaging in such activity even when no Compass employees are present on the jobsite(s).

8

44. On or about February 21, 2012, Counsel for the Carpenters Union responded to Mason Law Firm and stated that the Regional Council's conduct did not violate the secondary boycott laws. See, Exhibit 10 attached hereto.

45. On or about February 21, 2012 Mason Law Firm sent another letter to the Regional Council informing them that Terix, Inc. has no business relationship with Compass or Daimler. The letter further instructs the Regional Council that both Compass and Daimler were no longer on the jobsite. See, Exhibit 11 attached hereto.

46. All construction, including the punch list, on the Frantz Road project was completed on February 16, 2012.

47. The Regional Council has continued to engage in bannering and handbilling, including but not limited to February 24, 27 and 28, 2012, at the Frantz Road location despite the project's completion. See, Exhibit 12 attached hereto.

48. On February 27, 2012 Mason Law Firm received a letter from counsel for the Regional Council stating that the Regional Council is not engaged in unlawful activity. See, Exhibit 13 attached hereto.

**FIRST CLAIM FOR RELIEF**

**(Section 303 Claim to Recover Damages for Illegal Secondary Boycott Activities and Illegal Conduct, the Object of Which is to Force Assignment of Particular Work)**

**(Violations of 29 U.S.C. § 158(b)(4)(A), (B) and (D) and 29 U.S.C. § 187)**

**COUNT ONE: Unlawful Secondary Boycott**
**(Plaintiffs Claim Against Defendants)**

49. Plaintiffs' re-allege paragraphs 1-48.

50. Commencing in winter of 2011 and continuing thereafter, the defendants have threatened, coerced, and restrained persons engaged in commerce or in industry affecting commerce.

51. Defendants have engaged in the actions described above for the object or purpose of forcing Daimler, Terix, Inc., Net Jets and other neutral persons and entities to cease doing business with an employer which the Regional Council and/or Local 200 has a dispute (Compass). The defendants' actions described above constitute illegal secondary activities against Daimler and Terix, Inc., including but not limited to:

(a) Threatening, intimidating and coercing Daimler for the purpose of causing Daimler to cease doing business with Compass. Daimler is a neutral employer.

(b) Threatening, intimidating and coercing Terix, Inc. and its CEO for the purpose of causing Terix, Inc.'s Landlord to cease doing business with Daimler and Compass. Terix, Inc. is a neutral employer.

(c) Threatening, intimidating and coercing the CEO of Net Jets for the purpose of causing Net Jets to cease doing business with Daimler and Compass. Net Jets is a neutral employer.

(d) Threatening, intimidating and coercing OhioHealth and its CEO for the purpose of causing Ohio Health to cease doing business with Daimler and Compass. OhioHealth is a neutral employer.

(e) Failing to limit bannering and handbilling to the times at which Compass employees are present at the job site.

(f) Engaging in bannering and handbilling at locations that are geographically separate from the job sites where Compass is performing its work.

52. Employees, agents, and representatives of the Regional Council and/or Local 200 have encouraged, induced, participated in, acquiesced in, and ratified the unlawful secondary activities described above. The activities and conduct described above in the complaint were and are unlawful and in violation of 29 U.S.C. § 158(b)(4)(A) and (B) and 29 U.S.C. § 187.

53. As a direct and proximate result of the conduct of the defendants, Daimler and Terix, Inc. have suffered and continue to suffer damages to their businesses, including but not limited to lost profits, costs associated with disruptions and idleness resulting from defendants' unlawful activity and losses arising from Daimler and Terix, Inc.'s loss of customers or potential customers. The amount of Daimler's and Terix, Inc's damages will be proven at trial.

54. Commencing in winter of 2011 and continuing thereafter, defendants threatened, coerced or restrained various other employers and entities, including, but not limited to, Daimler, Net Jets, OhioHealth and Terix, Inc. as specifically noted above, all of which are persons engaged in interstate commerce or in an industry affecting interstate commerce, within the meaning of Section 2(6) and 2(7) of the National Labor Relations Act, and other persons engaged in interstate commerce or an industry affecting interstate commerce, with the proscribed intent of forcing or requiring Compass to become signatory to a contract with an affiliated Carpenters Local and/or forcing or requiring the entities referenced above to cease doing business with Compass.

55. Employees, agents, and representatives of the Regional Council and/or Local 200 have encouraged, induced, participated in, acquiesced in, and ratified the unlawful secondary activities described above. The activities and conduct described above in the complaint were and are unlawful and in violation of 29 U.S.C. § 158(b)(4)(A) and (B) and 29 U.S.C. § 187.

56. As a direct and proximate result of the conduct of the defendants, Compass, has suffered and continues to suffer damages to its businesses, including but not limited to lost profits, costs associated with disruptions and idleness resulting from defendants' unlawful activity and losses arising from Compass's loss of potential contracts.  The amount of Compass's damages will be proven at trial.

## COUNT TWO:  Unlawful Threats in Support of Jurisdictional Claim

### (Daimler's Claim against Defendants)

57. Plaintiff Daimler re-alleges paragraphs 1-56.

58. Commencing in winter of 2011 and continuing thereafter, defendants have engaged in the actions described above for the object of forcing or requiring Daimler to assign stud wall framing, drywall work and acoustic ceiling work presently being performed by employees in a particular trade, craft, or class to different employees in another trade, craft, or class -- namely, employees of Carpenter local unions who are affiliated with and part of the Regional Council.

59. Said acts of the defendants have included but are not limited to threats, coercion, and restraint directed at Daimler and its owners and managers where the object of that conduct has been to force and require Daimler to reassign the stud wall framing, drywall work and acoustic ceiling work being performed by a group of employees employed by Compass to employees of Carpenter locals affiliated with the Regional Council.

60. The acts and conduct described in the complaint were and continue to be unlawful and in violation of 29 U.S.C. § 8(b)(4)(D) and 29 U.S.C. § 187.

## SECOND CLAIM FOR RELIEF

### (Defamation)

### (Terix Inc.'s claim against Defendants)

61. Terix, Inc. re-alleges paragraphs 1-60.

62. Defendants have made and continue to make written statements about Terix, Inc. that are false. Said written publications were and are in form of leaflets and/or fliers handed out to members of the public, including customers and/or potential customers, insinuating that Terix, Inc. is responsible for the desecration of the American way of life and/or has the authority to ensure Compass and/or Daimler satisfy the defendants' demands, but simply chooses not to. Terix Inc. is not involved in a labor dispute with defendants.

63. Defendants have continuously displayed larger banners at the Frantz Road location which read: "**SHAME ON TERIX COMPUTER**," flanked on either side by the phrase "**LABOR DISPUTE**." Terix, Inc. does not have a labor dispute with defendants.

64. Defendants acted negligently in failing to learn whether the published statements were false.

65. The defamatory statements noted above and, which form the basis of Terix, Inc.'s defamation claim, were published to the general public and/or potential customers of Terix, Inc.

66. The publications of defendants' defamatory statements have caused Terix, Inc. to suffer special damages in an amount to be proven at trial.

67. In the alternative, the defamatory statements were libel per se and no proof of special damages is required.

68. In the alternative, defendants published and/or uttered their statements with actual malice in that defendants knew their statements were false, and made them despite knowledge of

their falsity or defendants published the statements in reckless disregard of whether the published statements were false. As such, no proof of special damages is required.

### JURY DEMAND

69. Plaintiffs request a trial by jury.

WHERFORE, plaintiffs pray for judgment as follows:

**First Claim For Relief – COUNT ONE – Unlawful Secondary Boycott Activities in Violation of 29 U.S.C. § 158(b)(4)(A) and (B) and 29 U.S.C. § 187 (Plaintiffs Claims Against Defendants)**

(1) That plaintiffs be awarded damages adequate to compensate them for losses to their businesses, including but not limited to lost profits, costs associated with disruptions and idleness resulting from defendants' unlawful activities, losses arising from loss of customers and potential customers, and losses arising from threats to neutral individuals and entities, including but not limited to Daimler, Terix, Inc., Net Jets and OhioHealth. The amount of said damages will be proven at trial.

(2) That plaintiffs be awarded prejudgment interest.

(3) That plaintiffs be awarded their costs and disbursements herein and such further relief as the court may deem just and proper.

**First Claim For Relief – COUNT TWO – Unlawful Threats in Support of Regional Council's Jurisdictional Claim to Stud Wall Framing, Drywall Work and Acoustic Ceiling Work in Violation of 29 U.S.C. § 158(b)(4)(D) and 29 15 U.S.C. § 187 (Daimler's Claim Against Defendants).**

(1) That plaintiff Daimler be awarded damages adequate to compensate it for losses to its business, including but not limited to lost profits, costs associated with disruptions and idleness resulting from defendants' unlawful activities, and losses arising from threats to neutral individuals and entities, including but not limited to Net Jets, OhioHealth and Terix, Inc.

(2) That plaintiff Daimler be awarded prejudgment interest.

(3)     That plaintiff Daimler be awarded its costs and disbursements herein and such further relief as the court may deem just and proper.

**Second Claim For Relief – Defamation (Terix, Inc.'s Claims Against Defendants)**

(1)     That plaintiff Terix, Inc. be awarded damages adequate to compensate it for damages to its business reputation, damages to its business relations and damages resulting from defendants deterring others from dealing with plaintiff.

(2)     That defendants' defamatory statements have caused Terix, Inc. to suffer special damages in an amount to be proven at trial.

(3)     That in the alternative, the defamatory statements of defendants regarding Terix, Inc. are libel per se and/or were made with actual malice and, as such, no proof of special damages is required.

(4)     That Terix, Inc. is entitled to prejudgment interest.

(5)     That Terix, Inc. be awarded their costs and disbursements herein and such further relief as the court may deem just and equitable.

Dated at Dublin, Ohio, this 28th day of February, 2012.

/s/ Ronald L. Mason
Ronald L. Mason (0030110)
(Trial Attorney)
Aaron T. Tulencik (0073049)
Mason Law Firm Co., L.P.A.
425 Metro Place North, Suite 620
Dublin, Ohio 43017
Tel. 614.734.9450
Fax: 614.734.9451
rmason@maslawfirm.com
atulencik@maslawfirm.com

*Counsel for Plaintiffs*

15